Defendant:   CAMACHO, ZACHARY RICHARD

Case Number:   98-00272 -001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **60 Month(s).**

DEFENDANT SENTENCED TO THE CUSTODY OF THE BUREAU OF PRISONS FOR COUNT I - 60 MONTHS AND FOR COUNT V - 48 MONTHS TO BE SERVED CONCURRENTLY. DEFENDANT SHALL ALSO RECEIVE CREDIT FOR ANY TIME SERVED. WHILE IN PRISON, THE DEFENDANT SHALL PARTICIPATE IN A DRUG EDUCATION PROGRAM, OBTAIN HIS HIGH SCHOOL DIPLOMA OR ITS EQUIVALENT, AND PARTICIPATE IN ANY VOCATIONAL PROGRAMS APPROVED BY THE BUREAU OF PRISONS. UPON RELEASE FROM IMPRISONMENT THE DEFENDANT SHALL SERVE 60 MONTHS SUPERVISED RELEASE FOR COUNT I AND 12 MONTHS OF SUPERVISED RELEASE FOR COUNT V. THE TERMS ARE TO RUN CONCURRENTLY.

**FILED**
DISTRICT COURT OF GUAM

DEC 14 2005

MARY L.M. MORAN
CLERK OF COURT

## RETURN

I have executed this judgment as follows:

Defendant delivered on __10-7-05__ to __FDC Honolulu__

at __Honolulu, HI__, with a certified copy of this judgment.



John T Rathman
~~WARDEN~~ ~~UNITED STATES MARSHAL~~

By W. Tsai
    W. Tsai   Deputy U.S. Marshal

# United States District Court
## District of Guam

UNITED STATES OF AMERICA

vs.

**CAMACHO, ZACHARY RICHARD ULLOA (001)**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **98-00272 -001**

**MANTANONA, RAWLEN M.T.**
Defendant's Attorney

**FILED**
DISTRICT COURT OF GUAM
SEP 23 2002
MARY L. M. MORAN
CLERK OF COURT

**THE DEFENDANT:**

[✓] pleaded guilty to count(s) **1,5**

[ ] plead nolo contendere to count(s) ___ which was accepted by the court.

[ ] was found guilty on count(s) ___ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 952(a), 960 & 963 | CONSPIRACY TO IMPORT CRYSTAL METHAMPHETAMINE AKA "ICE" | 09/24/98 | 1 |
| 21 USC 843(b) | USE OF A COMMUNICATION FACILITY IN COMMISSION OF A FELONY | 09/24/98 | 5 |

**See Page 1a for Additional Counts of Conviction**

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___

[✓] Count(s) **2,3,4**    (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 586724069

Defendant's Date of Birth: 10/08/66

Defendant's USM No.: 01714093

Defendant's Residence Address:
458 ROY T. DAMIAN ST
MONGMONG, GU 96910

09/12/02
Date of Imposition of Judgment

Signature of Judicial Officer

John S. Unpingco
U.S. District Court Judge
Name and Title of Judicial Officer

SEP 23 2002

Defendant's Mailing Address:
458 ROY T. DAMIAN ST.
MONGMONG, GU 96910

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____ Deputy Clerk   Date

Defendant: **CAMACHO, ZACHARY RICHARD**

Case Number: 98-00272 -001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __60__ **months.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
>
> ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✓] The defendant shall not posess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

) the defendant shall not leave the judicial district without the permission of the court or probation officer;
) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
) the defendant shall support his or her dependents and meet other family responsibilities;
) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
) the defendant shall refrain from excessive use of alcohol;
) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
0) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
1) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
2) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemenet agency without the permission of the court;
3) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:   **CAMACHO, ZACHARY RICHARD**

Case Number:   **98-00272 -001**

# ADDITIONAL SUPERVISED RELEASE TERMS

1. DEFENDANT SHALL OBEY ALL FEDERAL, STATE, OR LOCAL LAWS.

2. DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

3. DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. PROBATION OFFICE.

4. DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE AND SUBMIT TO ONE URINALYSIS TEST WITHIN 15 DAYS AFTER RELEASE FROM IMPRISONMENT AND TWO MORE URINALYSIS TEST THEREAFTER.

5. DEFENDANT SHALL REFRAIN FROM THE USE OF ANY AND ALL ALCOHOLIC BEVERAGES.

6. DEFENDANT SHALL BE EVALUATED FOR SUBSTANCE ABUSE TREATMENT PROGRAM APPROVED BY THE U.S. PROBATION OFFICE. IF IT IS DETERMINED THAT HE IS IN NEED OF SUCH SERVICES THEN HE SHALL PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM FOR THE TREATMENT OF NARCOTIC ADDICTION OR DRUG OR ALCOHOL DEPENDENCY WHICH WILL INCLUDE TESTING FOR THE DETECTION OF SUBSTANCE USE OR ABUSE. IT IS FURTHER RECOMMENDED THAT THE DEFENDANT MAKE A CO-PAYMENT FOR TREATMENT AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

7. DEFENDANT SHALL UNDERGO A MENTAL HEALTH ASSESSMENT AND TREATMENT IF RECOMMENDED TO DETERMINE IF MENTAL HEALTH TREATMENT IS NECESSARY. IT IS FURTHER RECOMMENDED THAT THE DEFENDANT MAKE A CO-PAYMENT FOR TREATMENT AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

8. DEFENDANT SHALL OBTAIN AND MAINTAIN GAINFUL EMPLOYMENT.

9. DEFENDANT SHALL PERFORM 200 HOURS OF COMMUNITY SERVICE UNDER THE DIRECTION OF THE U.S. PROBATION OFFICE.

Defendant: **CAMACHO, ZACHARY RICHARD**
Case Number: 98-00272 -001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set in the Schedule of Payments page of this order, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 200.00 | $ 0.00 | $ 0.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement.......... $ 0.00

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ 0.00 .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is waived as follows:

## RESTITUTION

☐ The determination of restitution is deferred until / / . an Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

Totals: $ 0.00    $ 0.00

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant:     **CAMACHO, ZACHARY RICHARD**
Case Number:   98-00272 -001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

- [✓] in full immediately; or
- [ ] immediately, balance due (in accordance with C, D, or E); or
- [ ] not later than  / /       ;
- [ ] in installments to commence       day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or
- [ ] in           installments of           over a period of           year(s) to commence           day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

- [ ] The defendant shall pay the cost of prosecution.

- [ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.